Jon P. Jacobs (SBN 205245)
Ryan H. Gomez (SBN 305208)
LAW OFFICES OF JON JACOBS
5701 Lonetree Blvd., Suite 202
Rocklin, CA 95765
Telephone: (916) 663-6400
Facsimile: (916) 663-6500
jpj@lemonbuyback.com
ryan@lemonbuyback.com

Attorneys for Plaintiffs
MARIA FERNANDES, and
ARMINDO FERNANDES

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA FERNANDES, and ARMINDO FERNANDES, <br><br> Plaintiffs, <br><br> v. <br><br> HEARTLAND RECREATIONAL VEHICLES, LLC; and PROGRESSIVE HOUSING, INC., <br><br> Defendant. | CASE NO.: <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs allege at all relevant times:

## JURISDICTION

1. This Court has federal question jurisdiction under Title 15 U.S.C. § 2310(d), and Title 28 U.S.C. § 1331 as well as supplemental jurisdiction over plaintiffs' state law claims under Title 28 U.S.C. 1367.

## VENUE

2. Venue is proper pursuant to Title 15 U.S.C. § 2310(d)(1)(B). The amount in controversy exceeds $50,000.00, exclusive of costs and interest. Venue is also proper under 28 U.S.C. § 1391(b)(2) as this is the judicial district wherein a substantial part of the events giving rise to the claim occurred.

## PARTIES

3. Plaintiffs MARIA FERNANDES and ARMINDO FERNANDES (hereinafter "Plaintiffs"), at all times relevant, were and still are, each a competent adult residing in Solano County California.

4. Defendant HEARTLAND RECREATIONAL VEHICLES, LLC (hereinafter "Heartland"), at all times relevant, was and is an Indiana Limited Liability Company with its principal place of business in Elkhart, Indiana.

5. Defendant PROGRESSIVE HOUSING, INC. ("Dealer") at all times relevant, was and is a California Corporation doing business as Happy Daze RV in Sacramento, CA.

## FACTS COMMON TO ALL COUNTS

6. On or about February 27, 2018, Plaintiffs purchased a 2018 Heartland Bighorn Traveler, VIN: 5SFBG3725JE384131 ("Unit") from Dealer in California, which was manufactured and/or distributed, and warranted, by Heartland.

7. In connection with the transaction, Heartland issued to Plaintiffs express warranties within the meaning of Cal. Civ. Code § 1791.2, which were also written warranties within the meaning of 15 U.S.C. § 2301(6). By the terms of the express warranties, Heartland promised that the Unit's materials and workmanship would be free of defects, undertook to preserve and maintain the utility and performance of the Unit, and to provide compensation if there is any failure in utility or performance, and agreed to refund, repair, replace, or take other remedial action with respect to the Unit.

8. Plaintiffs purchased the Unit primarily for personal, family, or household purposes.

9. Subsequent to Plaintiffs' purchase, the Unit did not perform as stated for the time specified, and did not match the quality as set forth, in the warranties. The Unit exhibited numerous defects and nonconformities covered by the warranties.

10. Plaintiffs delivered the nonconforming Unit to Heartland and/or its authorized repair facilities, including Dealer, for repairs pursuant to the terms of the warranties. After a reasonable number of repair opportunities, Heartland has failed to repair the Unit to match the express warranties provided.

## FIRST CAUSE OF ACTION
### Violation of Cal. Civ. Code § 1793.2(d)—Song–Beverly Consumer Warranty Act
### Against Heartland

11. Plaintiffs incorporate all preceding paragraphs.

12. Plaintiffs are each a "buyer" as defined by Cal. Civ. Code § 1791(b).

13. The Unit is a "consumer good" as defined by Cal. Civ. Code § 1791(a).

14. Heartland is a manufacturer and/or distributor as defined respectively in Civil Code §§ 1791(j), (e).

15. Heartland is a "warrantor" as contemplated by Cal. Civ. Code § 1795.

16. Plaintiffs' purchase of the Unit was a "sale" as defined by Cal. Civ. Code § 1791(n).

17. Heartland violated the Song–Beverly Consumer Warranty Act by failing to conform the Unit to the express written warranties within a reasonable number of repair opportunities and/or within the warranty periods, and by failing to promptly replace the Unit or make restitution to Plaintiffs.

18. Plaintiffs have not made unreasonable or unintended use of the Unit.

19. Pursuant to Cal. Civ. Code § 1793.2(d), Heartland must refund the price of the Unit to Plaintiffs.

20. Pursuant to Cal. Civ. Code § 1794(a), Plaintiffs are entitled to restitution.

21. As a direct and proximate result of said violations of the Song–Beverly Act, Plaintiffs have sustained, and continue to sustain, actual, incidental and consequential damages in the approximate amount of $88,496.20 according to proof.

22. The failure of Heartland to comply with the Song–Beverly Act was willful in that Heartland had actual knowledge of the Unit's defects, malfunctions, and nonconformities, knew of its legal duties under the warranties and the Act, but repeatedly refused to make necessary repairs and/or provide a refund or replacement.

23. Pursuant to Cal. Civ. Code § 1794(c), Plaintiffs are entitled to a civil penalty of two times the amount of Plaintiffs' actual damages.

24. Pursuant to Cal. Civ. Code § 1794(d), Plaintiffs are entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

## SECOND CAUSE OF ACTION
### Violation of Cal. Civ. Code § 1793.2(b)—Song–Beverly Consumer Warranty Act
### Against All Defendants

25. Plaintiffs incorporate all preceding paragraphs.

26. Pursuant to Cal. Civ. Code § 1793.2(b) Heartland's authorized repair facility, including Dealer, was required to repair the Unit within 30-days, but failed to complete repairs within 30-days so as to conform the Unit to the applicable express warranties.

27. Plaintiffs did not agree in writing to extend the number of days Heartland's authorized repair facility, including Dealer, had to complete the repairs so as to conform the Unit to the applicable express warranties.

28. Heartland and Dealer's delay in repairing the Unit within 30-days was not caused by conditions beyond their control.

29. As a proximate result of the violations of the Act, Plaintiffs have sustained and continues to sustain, damages, both economic and noneconomic, in the approximate amount of $88,496.20.

30. The failure of Heartland to comply with the Song–Beverly Act was willful in that Heartland had actual knowledge of the Unit's defects, malfunctions, and nonconformities, knew of its legal duties under the warranties and the Act, but failed to promptly repair the Unit.

31. Pursuant to Cal. Civ. Code § 1794(c), Plaintiffs are entitled to a civil penalty of two times the amount of Plaintiffs' actual damages.

32. Pursuant to Cal. Civ. Code § 1794(d), Plaintiffs are entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

## THIRD CAUSE OF ACTION
### Violation of Cal. Civ. Code § 1791.1(a)—Song–Beverly Consumer Warranty Act
### Against All Defendants

33. Plaintiffs incorporate all preceding paragraphs.

34. Pursuant to Cal. Civ. Code § 1792, the Unit was accompanied by each defendant's implied warranty that the goods are merchantable.

35. Pursuant to Cal. Civ. Code § 1793, and because of the existence of the express warranty, each defendant may not disclaim, limit, or modify the implied warranties provided by the Song–Beverly Act.

36. Each defendant breached the implied warranty of merchantability as stated in Cal. Civ. Code §§ 1791.1 and 1792 in that the above-described defects, malfunctions, and nonconformities render the Unit unfit for the ordinary purposes for which it is used, and it would not pass without objection in the trade.

37. Pursuant to Cal. Civ. Code § 1794(a), Plaintiffs are entitled to restitution.

38. As a direct and proximate result of said breach of implied warranty, Plaintiffs have sustained and continue to sustain, actual, incidental and consequential damages in the approximate amount of $88,496.20 according to proof.

39. Pursuant to Cal. Civ. Code § 1794(d), Plaintiffs are entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

## FOURTH CAUSE OF ACTION
### 15 U.S.C. § 2301(6)—Magnuson–Moss Warranty Act
### Against Heartland

40. Plaintiffs incorporate all preceding paragraphs.

41. The Unit is a "consumer product" as defined by 15 U.S.C. § 2301(1).

42. Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 2301(3).

43. Heartland is a "supplier" and a "warrantor" as defined respectively by 15 U.S.C. §§ 2301(4) and (5).

44. The express written warranties are "written warranties" as defined by 15 U.S.C. § 2301(6).

45. In accordance with Heartland's express written warranty, Plaintiffs delivered the Unit to Heartland's authorized repair facility to perform warranty repairs. Plaintiffs did so within a reasonable time. Each time Plaintiffs delivered the Unit, Plaintiffs notified Heartland and its representative of the characteristics of the defects. However, Heartland's authorized repair facility failed to repair the Unit so as to conform the Unit to its express written warranty, and thereby breaching said warranty, on each occasion.

46. Additionally, the provisions of Cal. Civ. Code §§ 1793.2(d), and (b) existed at the time Heartland gave the express warranty to Plaintiffs, and for that reason those provisions were and are incorporated into the terms of the express written warranty by operation of California Law. *Swenson v. File*, 3 Cal.3d 389, 393 (1970); *Washington Internat. Ins. Co. v. Superior Court*, 62 Cal.App.4th 981, 988-89 (1998). Accordingly, Heartland's violations of Cal. Civ. Code §§ 1793.2(d), and/or (b) are a breach of Heartland's express written warranty, and Plaintiffs brings this claim pursuant to 15 U.S.C. § 2310(d).

47. Pursuant to 15 U.S.C. § 2310(d)(1), Plaintiffs are entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiffs revoke acceptance of the Unit and rescind the contract. Plaintiffs are entitled to restitution of all consideration given.

48. As a proximate result of the violations of the Act, Plaintiffs has sustained and continues to sustain, damages, both economic and noneconomic, in the approximate amount of $88,496.20.

49. The failure of Heartland to comply with its obligations under the express written warranty was willful in that Heartland had actual knowledge of the Unit's defects, malfunctions, and nonconformities, knew of its legal duties under the warranties and the Act, but repeatedly refused to make necessary repairs and/or provide a refund.

50. Pursuant to 15 U.S.C. § 2310(d) and Cal. Civ. Code § 1794(c), Plaintiffs are entitled to a civil penalty of two times the amount of Plaintiffs' actual damages.

51. Heartland does not maintain an informal dispute resolution mechanism that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

52. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

### FIFTH CAUSE OF ACTION
### 15 U.S.C. § 2301(7)—Magnuson–Moss Warranty Act
### Against All Defendants

53. Plaintiffs incorporate all preceding paragraphs.

54. Pursuant to 15 U.S.C. § 2301(7), the breaches by each defendant of the state-law implied warranties, as set forth above, also constitute breaches of the implied warranties pursuant to the Magnuson–Moss Warranty Act.

55. Pursuant to 15 U.S.C. § 2310(d)(1), and because of said breaches of implied warranties, Plaintiffs are entitled to the equitable remedies of rescission and restitution and/or damages. Plaintiffs revoke acceptance, rescind the contract, and claim full restitution.

56. As a proximate result of the breaches of implied warranties, Plaintiffs have sustained and continue to sustain, damages, both economic and noneconomic, in the approximate amount of $88,496.20.

57. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to attorneys' fees and expenses reasonably incurred in connection with this action.

## PRAYER FOR RELIEF

(1) A declaration that the sales contract is rescinded;

(2) A declaration that Heartland has been given a reasonable number of repair attempts and/or days to conform the Unit to the warranty;

(3) Actual damages according to proof;

(4) Restitution of all consideration given by Plaintiffs and/or paid out toward the Unit;

(5) Civil penalties under the Song-Beverly Act in the amount of two times actual damages;

(6) Reasonable attorneys' fees according to proof;

(7) Costs and expenses reasonably incurred in connection with this action; and

(8) Such other relief as the Court deems just and proper.

Dated: February 28, 2019

LAW OFFICES OF JON JACOBS

*/s/ Jon P. Jacobs*
Jon P. Jacobs
Ryan H. Gomez
Attorneys for Plaintiffs
MARIA FERNANDES and
ARMINDO FERNANDES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action asserted herein.

Dated: February 28, 2019

LAW OFFICES OF JON JACOBS

Jon P. Jacobs
Ryan H. Gomez
Attorneys for Plaintiffs
MARIA FERNANDES, and
ARMINDO FERNANDES